ATTORNEY GENERAL, *ex rel.* PEOPLE, *v.* HILLYER.

1. STATUTES—OBJECT EXPRESSED IN TITLE—CONSTITUTIONAL LAW.
    Under section 21, art. 5, of the Constitution, requiring the object of an act to be expressed in its title, it is sufficient if provisions in the body of the act not directly mentioned in the title are germane, auxiliary, or incidental to the general purpose.

2. SAME—ELECTION OF PUBLIC OFFICERS—FILLING VACANCIES—PROVISIONS GERMANE TO PURPOSE OF ACT.
    A provision in the body of Act No. 203, Pub. Acts 1917, entitled "An act to provide for the holding of elections, to prescribe the manner of conducting and to regulate elections, to prevent fraud and deception in the conduct of elections and to guard against abuses of the elective franchise," for filling vacancies in public offices is *held*, valid in so far as applicable to elective offices, but void as to appointive offices, since the filling of appointive offices is not germane to the general purpose of the act.

3. SAME—COUNTY ROAD COMMISSIONERS—APPOINTIVE OFFICERS.
    Since the office of county road commissioner is an appointive office, the provisions of section 5, chap. 4, Act No.

On question of when a vacancy in party ticket occurs within statute authorizing filling of vacancy, see note 41 L. R. A. (N. S.) 1088.

203, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 3848 [28]), are not applicable thereto in case of a vacancy in the office, and the act of the probate judge, county clerk, and prosecuting attorney in attempting to fill said vacancy is *held*, to be void.

*Quo warranto* proceedings by Merlin Wiley, attorney general, on relation of the people of the State of Michigan, against Lucius G. Hillyer and others to try the title to the office of county road commissioner of Baraga county. Submitted October 12, 1922. (Docket No. 184.) Judgment of ouster entered February 1, 1923.

*Merlin Wiley, in pro. per.*, and *J. F. Hambitzer*, for plaintiff.

*Rees, Robinson & Petermann*, for defendants.

MCDONALD, J. This case involves the constitutional right of the defendants to hold the office of county road commissioner of Baraga county, Michigan. The proceedings are by *quo warranto* instituted in this court by the attorney general for and in behalf of the people. No question of fact is raised by the record. On the 7th day of April, 1922, there was a vacancy in the offices of the three road commissioners of Baraga county. Assuming to act under the provisions of chapter 4 of Act No. 203 of the Public Acts of Michigan for the year 1917 (Comp. Laws Supp. 1922, § 3848 [24] *et seq.*), the probate judge, county clerk and prosecuting attorney appointed the defendants to fill the vacancies. They qualified and assumed the duties of the office. Six days later, on the 13th day of April, 1922, the board of supervisors, acting under authority of section 4354, 1 Comp. Laws 1915, appointed William Burke, Christian Jenloft and Gustav Lundberg to fill the vacancies. They qualified and are ready to assume the duties of the office.

The question involved is whether the board of supervisors has the right to fill vacancies in the office of road commissioner of the county, or whether that right belongs to the probate judge, county clerk and prosecuting attorney.     Section 4354, 1 Comp. Laws 1915, authorizes the board of supervisors to fill such vacancies.   Subdivision 2 of sec. 5, chap. 4 of Act No. 203 of the Public Acts of 1917 (Comp. Laws Supp. 1922, § 3848 [28]), known as the "Michigan election law," imposes that duty on the probate judge, county clerk and prosecuting attorney.

The plaintiff contends that chapter 4 of Act No. 203 of the Public Acts of 1917, which relates to the filling of vacancies in public offices, is unconstitutional because it is not indicated in the title of the act as required by section 21 of article 5 of the Constitution of the State of Michigan.

The title of the act is as follows:

"An act to provide for the holding of elections, to prescribe the manner of conducting and to regulate elections, to prevent fraud and deception in the conducting of elections and to guard against abuses of the elective franchise."

It would not be possible to embrace in the title the various objects intended to be accomplished in the 25 chapters of the act in question.   It is sufficient, as this court said in *Loomis* v. *Rogers,* 197 Mich. 265: "If provisions in the body of 'the act not directly mentioned in the title are germane, auxiliary or incidental to that general purpose."

The general purpose of the act is to provide means for choosing public officers.   The means provided is by popular elections.   Of course, it is understood that in the interval between elections vacancies will occur in various offices.   Some will die; a few may resign. Unless these vacancies can be filled before the next election, the general purpose of the act will not be

fully accomplished. Is it not then an essential part
of the general purpose to provide means for filling
such vacancies? To make the law effective this must
be done. As is aptly stated by counsel for defendants
in their brief:

"It suggests no violence to the understanding to
assume that an act which properly includes provisions
'to prescribe the manner of conducting and to regulate
elections,' should include provisions with relation to
the filling for the time being of vacancies arising in
the offices to be so filled. Such provisions naturally,
and as a matter of common sense, suggest themselves
to the understanding as an essential part of the
general object. * * * It is a necessary part of the
system of choosing officers that provision of some
kind should be made for filling the offices in case the
original choice in the manner provided becomes
abortive by the occurring of a vacancy by death or
otherwise."

But this applies only to the filling of vacancies in
elective offices. It cannot be said that the filling of
vacancies in appointive offices is an essential part of
the general object of this act; for officers originally
selected by appointment are in no way affected by
popular election laws. The filling of vacancies in ap-
pointive offices is therefore not germane to the general
purpose of an act which has only to do with elective
officers. Chapter 4 of the act entitled "filling of
vacancies in office" is in part unconstitutional. In as
far as it provides for the filling of vacancies in ap-
pointive offices, it is unconstitutional. In as far as
it provides for the filling of vacancies in elective
offices, it is constitutional. County road commis-
sioners are appointive officers; they do not acquire
their office through the means provided by this act
for the election of other officers.

It follows, therefore, that the probate judge, county
clerk, and prosecuting attorney of Baraga county, can-

not legally fill the vacancies existing in the office of road commissioner, and that the defendants are unlawfully holding such offices.

Judgment of ouster will be entered.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.